BLD-139                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2985
_____

CARLTON THEODORE LANDIS,
Appellant

v.

LIEUTENANT WILSON; LIEUTENANT BEACHEL; LIEUTENANT SCOTT;
LIEUTENANT TROUTMAN; LIEUTENANT ORDONEZ; LIEUTENANT SAYLOR;
LIEUTENANT LEONAWICZ; WARDEN DAVID J. EBBERT; ASSOCIATE
WARDEN COLBERT; NURSE MITTERLING; NURSE DEES; PHYSICIAN
ASSISTANT JESSE AYERS; DIRECTOR HUGH HERWITZ; CORRECTION
OFFICER EARP; CORRECTIONAL OFFICER STROUD; IAN CONNORS;
FEDERAL BUREAU OF PRISONS; J. KONKLE; J. ENIGK; J. RHODES; J. RAY
ORMOND; B. LAMMER; C. HURLEY; D. SULLIVAN; M. HACKENBERG; R.
BUFF; B. SHIRK; C. HUGHES; D. HEIM; J. SAVIDGE; K. SOLOMON; S.
STABLEWSKI; B SCHNARS; K LYTLE; D. MENSCH; B. FUNK; J.M.
KERSTETTER; K. HAUGER; B. MATTERN; W. BAUSSAGE; A. SIMMONDS; D.
LAWS; M. VARGESON; F GONZAR; B. NICKEL; J. ROMIG; K DOWKUS; M.
KEMMERER; N. CARPER; A. CREVELING; M. FAHRINGER; BARTH; A.
DUTTRY; DEREK LONG; and DEBTOR M. BARNER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:19-cv-01301)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2022
Before:  MCKEE, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion filed: June 14, 2022)

————————

OPINION[*]

————————

PER CURIAM

Carlton Theodore Landis, an inmate proceeding pro se and in forma pauperis, appeals from the District Court's order granting defendants' motion to dismiss and for summary judgment. For the reasons that follow, we will summarily affirm.

I.

In July 2019, Landis filed a complaint in the District Court for the Middle District of Pennsylvania alleging that defendants[1] violated his First, Fifth, and Eighth Amendment rights, engaged in conspiracy, and committed several torts under Pennsylvania state law. Specifically, Landis alleged that, on two occasions in January 2018, when he was housed at United States Penitentiary – Lewisburg, he was improperly confined using ambulatory and four-point restraints because he was Black and refused to accept cell assignments with gang members who expressed violence toward him. According to Landis, various correctional officers, prison officials, and healthcare providers conspired to punish him by using the most restrictive form of restraints,

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] In his amended complaint, Landis lists as defendants the Bureau of Prisons ("BOP") and a variety of its employees, including twenty-five correctional officers, eleven lieutenants, two captains, eight healthcare providers, one health service administrator, one warden and two associate wardens, a regional director, a national appeals coordinator, and the director of the BOP.

2

improperly tightening the restraints, subjecting him to cold temperatures, causing him to miss meals, denying him access to a restroom, and prolonging his time in restraints by falsifying reports to reflect that he was continuing to act in a disruptive manner. Defendants filed a motion to dismiss and for summary judgment, which the District Court granted.  Landis now appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the grant of a motion to dismiss under Rule 12(b)(6) de novo.  See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (citations and quotation marks omitted).  We also review the grant of a motion for summary judgment de novo.  Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

First, we agree with the District Court that Landis's claims against defendants in their official capacities are barred by sovereign immunity. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001). Psychologist Jennifer Enigk was further protected from claims lodged against her in her individual capacity by statute, 42 U.S.C. § 233(a). See Hui v. Castaneda, 559 U.S. 799, 805–06 (2010) (explaining that members of the Public Health Service are immune from Bivens[2] claims arising out of the performance of medical functions within the scope of their employment). Dismissal of these claims for lack of subject matter jurisdiction was therefore appropriate.

The District Court also properly dismissed claims against former BOP Director Hugh Hurwitz, National Inmate Appeals Administrator Ian Connors, Regional Director J. Ray Ormond, Warden Brian Lammer, Captain John Konkle, Captain Jay Rhodes, and Health Services Administrator Arden Duttry for lack of personal involvement. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). While Landis alleged the existence of a discriminatory practice of using the harshest restraints on Black inmates in contravention of BOP policies, he failed to allege that these defendants personally established or maintained this practice, participated in the violation of his rights or

---

[2] Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

4

directed others to do so, or had any knowledge of their subordinates' actions. See

Santiago v. Warminster Twp., 629 F.3d 121, 129 n. 5 (3d Cir. 2010). To the extent that

Landis alleged that Lammer, Konkle, Rhodes, and Duttry acquiesced to the actions of

their subordinates by affirming the use of restraints in their 24-hour and after-action

reviews, he also alleged that the reports upon which these defendants relied were falsified

to make it seem like his behavior warranted the ongoing use of restraints. Landis failed

to allege any personal knowledge of the falsification of the reports, and thus failed to

adequately allege personal involvement by these defendants.

Landis's Eighth Amendment conditions-of-confinement claim was also properly

dismissed.[3] To state a conditions-of-confinement claim, Landis was required to allege

that (1) objectively the conditions were so serious that they constituted a denial of the

"minimal civilized measure of life's necessities," and (2) subjectively the prison officials

acted with "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 833 (1994). We

agree with the District Court that Landis failed to state a claim. While prolonged

confinement in restraints, exposure to cold temperatures, substantial deprivation of food,

and denial of access to a restroom can constitute cruel and unusual punishment, the

relatively short-term deprivations suffered by Landis were inadequate to state a claim.

---

[3] The District Court was likely correct in its alternative conclusion that Landis failed to exhaust available administrative remedies for his Eighth Amendment claims. See 42 U.S.C. § 1997e(a). However, out of an abundance of caution, we address the merits of his claims.

5

Landis also alleged that his confinement constituted excessive force.[4]  The Eighth

Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in

a manner that offends contemporary standards of decency.  See Hudson v. McMillian,

503 U.S. 1, 8 (1992). When reviewing excessive-force claims, we must determine

whether the "force was applied in a good-faith effort to maintain or restore discipline, or

maliciously and sadistically to cause harm."  Id. at 7.

It is undisputed that defendants placed Landis in restraints on two occasions, first

for 48 hours, then for 72 hours.  In their motion for summary judgment, defendants

provided ample evidence to demonstrate that the restraints were applied in a good-faith

effort to restore discipline.  Exhibits document Landis's history of disciplinary infractions

and the two incidents that triggered the use of restraints, during which Landis failed to

comply with cell assignments and threatened to assault staff.  Exhibits also reflect that,

while Landis was restrained, his demeanor was evaluated and his restraints adjusted

every two hours by prison officers and every four hours by medical personnel.  Further,

defendants demonstrated that the use of restraints was narrowly tailored; once Landis was

calm, the restraints were removed.

After defendants successfully made their showing, the burden shifted to Landis to

produce sufficient evidence from which a reasonable jury could find that the restraints

---

[4] The District Court dismissed this claim on the basis that Bivens damages were unavailable.  See Ziglar v. Abbasi, 137 S. Ct. 1843, 1855 (2017).  We need not decide whether Bivens is available to Landis because, even if it were, his claims would fail.

were applied not to restore discipline, but rather to cause him harm. Landis failed to meet this burden, and instead only presented conclusory, self-serving declarations.[5] Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 161 (3d Cir. 2009). Thus, defendants were entitled to summary judgment.[6]

---

[5] In his argument in support of appeal, Landis maintains that he was denied an opportunity to conduct discovery. The record reflects that Landis filed a motion to compel discovery, which the District Court granted in part and denied in part, ordering defendants to send Landis various documents and setting a deadline for Landis to serve defendants with interrogatories. Landis apparently did not receive the District Court's order and was thus unaware that the deadline had been set. Landis alerted the District Court that he had not received the order, and the District Court extended the deadline and resent the order. It is unclear when Landis received the order, but it appears that he did not send any interrogatories within the allotted time. Shortly after the deadline passed, the District Court granted defendants' motion to dismiss and for summary judgment.

The record reflects that Landis received at least some of the discovery he requested after the District Court partially granted his motion to compel discovery. However, even assuming *arguendo* that Landis's late receipt of the District Court's order precluded him from serving interrogatories and rendered discovery incomplete, the District Court was nonetheless justified in granting summary judgment. While Landis submitted a declaration explaining his desire for discovery, he failed to specify what information he sought or what facts he hoped to be uncovered through his interrogatories. Instead, he only stated generally that he wanted to conduct discovery into the "factual averments" contained in defendants' motion and into the states of mind of defendants and other unspecified prison officials to show that defendants acted maliciously and sadistically. ECF No. 89-1. Because Landis failed to specify what information was needed, the District Court was justified in granting summary judgment. See Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015) (explaining that summary judgment may be granted even where discovery is incomplete if the declaration or affidavit is inadequate, such as where it fails to specify what particular information is sought or why it had not been previously secured).

[6] Relatedly, the District Court properly dismissed Landis's conspiracy claims under 42 U.S.C. § 1985(3). Landis's undeveloped allegations, which appear to have been based on his own suspicions rather than on fact, were insufficient to allege a conspiracy. See Young v. Kann, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991). Because the § 1985(3) claim

Finally, Landis seeks injunctive and declaratory relief to compel defendants to comply with prison policies and relevant laws and to clarify prisoners' rights related to cell assignments. The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974). Landis has not shown the existence of an unconstitutional policy or practice, let alone a controversy accompanied by continuing, present adverse effects. See O'Shea v. Littleton, 414 U.S. 488, 495–96 (1974). Mandamus relief is also inappropriate here, where Landis has failed to establish that he has a clear and indisputable right to relief. Stehney v. Perry, 101 F.3d 925, 934 n. 6 (3d Cir. 1996).[7]

IV.

---

was properly dismissed, so was his claim under § 1986. See Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980).

Landis also failed to state a due process claim related to being placed in restraints without having been provided with a hearing or other process. After he was released, defendants conducted disciplinary hearings on his incidents of misconduct and after-action reviews of the use of restraints. The prison grievance procedure was also available for Landis to challenge the application of the BOP's policies. These post-action remedies were adequate to satisfy due process. See Zinermon v. Burch, 494 U.S. 113, 132 (1990).

Landis's First Amendment retaliation claim was also properly dismissed, as refusing to accept a cell assignment is not constitutionally protected conduct. See Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016) (explaining that, to state a retaliation claim, the plaintiff must show that his conduct was constitutionally protected); Murray, 650 F.3d at 247 (finding no constitutional right to choose a cellmate).

[7] We have considered Landis's remaining claims and perceive no error in their disposition by the District Court.

8

Accordingly, we will affirm the judgment of the District Court. <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6. Landis's motion for appointment of counsel is denied. His motion to exceed the page limit for his argument in support of appeal is granted.